

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| DOUGLAS J. FROMAN, et al. ) | |
|     Plaintiffs, ) | Civil Action No. 5:08cv00073 |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| JP MORGAN CHASE ) | |
|     BANK, N.A., et al., ) | By: Samuel G. Wilson |
|     Defendants. ) | United States District Judge |

Plaintiffs Douglas J. Froman and Viola R. Froman filed an action against Defendants JP Morgan Chase Bank, N.A., Chase Home Finance, LLC, and Crosscountry Mortgage, Inc. alleging violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and common law fraud in connection with a mortgage on the Fromans' home. After failing to comply with this court's order regarding discovery, the Fromans filed a "Motion for Withdrawal from case out of pending sanctions" under Rule 41. Defendants have moved to dismiss the action with prejudice. The court denies Defendants' Motion to Dismiss with prejudice because it finds that a conditional dismissal without prejudice is an effective and less drastic sanction. However, the court grants the Fromans' Motion to Dismiss without prejudice subject to the following conditions: (1) the Fromans may only refile this action in this district; and (2) upon a refiling, they must pay the reasonable costs, expenses, and attorney's fees occasioned by their failure to comply with the court's order regarding discovery.

I.

The Fromans filed their action on August 28, 2008 and the matter is set for trial on August 27, 2009. On June 9, 2009, the Fromans' counsel moved to withdraw due to irreconcilable disagreements with his clients. The Magistrate Judge held a hearing on that

motion on June 11, 2009, and granted the motion to withdraw on June 17, 2009. In light of the withdrawal of the Fromans' counsel, the court issued an order setting the following discovery deadlines: (1) by July 3, 2009, Mr. Froman had to either serve copies of his 2006 and 2007 state and federal income tax returns to Defendants' counsel, or assert his Fifth Amendment privilege against self incrimination, or otherwise explain his reasons for failing to do so; (2) the Fromans had to retain replacement counsel by July 10, 2009 unless they wished to proceed *pro se*; and (3) the Fromans had to appear in court for depositions on July 21, 2009. Mr. Froman failed to make the requisite disclosure by July 3, 2009, and the Fromans did not retain replacement counsel by July 10, 2009. On July 17, 2009, Mr. Froman filed a notice of "withdrawal from this court for cause" which stated, in essence, that he wished to assert his Fifth Amendment privilege against self-incrimination rather than disclose the 2006 and 2007 tax returns. On July 20, 2009, the Fromans filed a notice of "withdrawal from case out of pending sanctions" under Rule 41 indicating that they did not wish to proceed with the case. No depositions took place on July 21, 2009. On August 5, 2009, Defendant Crosscountry Mortgage, Inc. moved to dismiss the action with prejudice, or in the alternative, moved for sanctions, and the other defendants joined this motion on August 6, 2009. The Fromans received Roseboro notices on August 5, 2009 and August 10, 2009 that permitted them twenty days to respond.

## II.

The court denies Defendants' Motion to Dismiss with prejudice because it finds that conditional dismissal without prejudice is an effective and less drastic sanction. The court grants the Fromans' Motion to Dismiss without prejudice subject to two conditions: (1) they may refile their action only in this district; and (2) upon refiling, they must pay the reasonable costs,

2

expenses, and attorney's fees that Defendants incurred as a result of the Fromans' failure to comply with the court's order regarding discovery.

The court may dismiss an action with prejudice under Rule 41(b) for failure "to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). However, dismissal with prejudice is "a harsh sanction which should not be invoked lightly," especially when less drastic sanctions are effective. Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978). As a less drastic sanction, the court may dismiss an action without prejudice "on terms that the court considers proper" under Fed. R. Civ. P. 41(a)(2). "A plaintiff's motion under Rule 41(a)(2) for dismissal without prejudice should not be denied absent substantial prejudice[1] to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). A court may condition dismissal without prejudice on the plaintiff's payment of a portion of defendant's taxable costs and the portion of defendant's attorney's fees that is not "easily carried over" to a refiling, Davis v. USX Corp, 819 F.2d 1270, 1276 (4th Cir. 1987), or require the plaintiff to pay these costs, expenses, and attorney's fees before refiling, Belle-Midwest v. Missouri Property & Casualty Ins. Guar. Ass'n, 56 F.3d 977, 979 (8th Cir. 1995); Versa Prods. v. Home Depot, USA, Inc., 387 F.3d 1325, 1328 (11th Cir. 2004). Courts may also circumscribe the forums in which the plaintiff may refile a voluntarily dismissed suit. E.g. RMD Concessions v. Westfield Corp.,

---

[1] "[F]or purposes of Rule 41(a)(2), prejudice to the defendant does not result from the prospect of a second lawsuit. Moreover, the possibility that the plaintiff will gain a tactical advantage over the defendant in future litigation will not serve to bar a second suit." Davis v. USX Corp., 819 F.2d 1270, 1274-75 (4th Cir. 1987). "Factors a district court should consider in ruling on such motions are: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present state of the litigation, *i.e.*, whether a motion for summary judgment is pending." Gross v. Spies, No. 96-2146, 1998 U.S. App. LEXIS 471, at *16 (4th Cir. Jan. 13, 1998).

3

Case 5:08-cv-00073-SGW-JGW   Document 42   Filed 08/14/09   Page 3 of 4   Pageid#: 158

194 F.R.D. 241 (E.D. Va. 2000).

With these precepts in mind, the court denies Defendants' Motion to Dismiss with prejudice because it finds that a conditional dismissal without prejudice is an effective and less drastic sanction. The court grants the Fromans' Motion to Dismiss without prejudice and finds that the following two conditions are proper: (1) the Fromans may refile their action only in this district; and (2) upon refiling, the Fromans must pay the reasonable costs, expenses, and attorney's fees that Defendants incurred due to the Fromans' failure to comply with the court's orders regarding discovery.[2]

### III.

For the foregoing reasons, the Fromans' Motion to Dismiss without prejudice is conditionally **GRANTED**. Defendants' Motion to Dismiss with prejudice is **DENIED**.

**ENTER**: This 14th day of August, 2009.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Because the court denies Defendants' Motion to Dismiss with prejudice, the court need not wait for the Fromans to respond to this motion pursuant to the two Roseboro notices.

4